**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JAMIE OBERTEIN, LYNNE SHERIDAN, DEBORAH M. ANDERSON, and JOHNATHAN BARKSDALE,** : : : : : | Civil Action Number: 1:14-cv-490-JEC |
| Plaintiffs, : | **Jury Trial Demanded** |
| : | |
| **vs.** : | |
| : | |
| **ASSURED & ASSOCIATES PERSONAL CARE OF GEORGIA, INC., and RUBY C. BROWN,** : : : | |
| : | |
| Defendants. | |

**COMPLAINT**

Plaintiffs Jamie Obertein ("Obertein"), Lynne Sheridan ("Sheridan"), Deborah M. Anderson ("Anderson"), and Johnathan Barksdale ("Barksdale"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, bring this Complaint against Defendants Assured & Associates Personal Care of Georgia, Inc. ("Assured") and Ruby C. Brown ("Brown") and show the Court as follows:

**INTRODUCTION**

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due

- 1 -

but unpaid overtime compensation and an additional like amount as liquidated damages; and (2) and to be reimbursed their costs of litigation, including their reasonable attorneys' fees.

2.

In addition to their federal causes of action, Plaintiffs assert Georgia state tort law claims which arise out of the same employment relationship as their federal claims.  These are (1) assault and (2) battery.

## JURISDICTION AND VENUE
3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiffs state law claims set forth herein arising under Georgia tort law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Assured  is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff Obertein resides in Fulton County, Georgia.

7.

Assured employed Obertein as a Registered Nurse in and around Atlanta, Georgia from February 25, 2011 until March 12, 2012.

8.

At all times material hereto, Obertein has been an "employee" of Assured as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

At all times material hereto, Assured has been an "employer" of Obertein as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about February 25, 2011 until March 12, 2012, Obertein was "engaged in commerce" as an employee of Assured as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

At all times material hereto, Obertein was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

12.

At all times material hereto, Obertein was paid on an hourly basis.

13.

At all times material hereto, Assured did not employ Obertein in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

14.

At all times material hereto, Assured did not employ Obertein in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

15.

At all times material hereto, Assured did not employ Obertein in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

16.

At all times material hereto, Assured  did not employ Obertein in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

17.

Plaintiff Sheridan resides in Cobb County, Georgia.

18.

Assured employed Sheridan as a Registered Nurse in and around Atlanta, Georgia from September 14, 2011 until April 20, 2012.

19.

At all times material hereto, Sheridan has been an "employee" of Assured as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

20.

At all times material hereto, Assured has been an "employer" of Sheridan as defined in FLSA § 3(d), 29 U.S.C. §203(d).

21.

From on or about September 14, 2011 until April 20, 2012, Sheridan was "engaged in commerce" as an employee of Assured as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

At all times material hereto, Sheridan was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

23.

At all times material hereto, Assured did not employ Sheridan in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

24.

At all times material hereto, Assured did not employ Sheridan in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

25.

At all times material hereto, Assured did not employ Sheridan in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Assured did not employ Sheridan in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

27.

At all times material hereto, Sheridan was paid on an hourly basis.

28.

Plaintiff Anderson resides in Douglas County, Georgia.

29.

Assured employed Anderson as a Registered Nurse in and around Atlanta, Georgia from January 27, 2012 until April 23, 2012.

30.

At all times material hereto, Anderson has been an "employee" of Assured as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

31.

At all times material hereto, Assured has been an "employer" of Anderson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

32.

From on or about January 27, 2012 until April 23, 2012, Anderson was "engaged in commerce" as an employee of Assured as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

33.

At all times material hereto, Anderson was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

34.

At all times material hereto, Assured did not employ Anderson in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

At all times material hereto, Assured did not employ Anderson in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, Assured did not employ Anderson in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Assured  did not employ Anderson in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

38.

At all times material hereto, Anderson was paid on an hourly basis.

39.

Plaintiff Barksdale resides in Fulton County, Georgia.

40.

Assured employed Barksdale as the personal assistant to Defendant Brown in and around Atlanta, Georgia beginning in August 2011.

41.

Assured later changed Barksdale's job title to General Manager.

42.

At all times material hereto, Barksdale has been an "employee" of Assured as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

43.

At all times material hereto, Assured has been an "employer" of Barksdale as defined in FLSA § 3(d), 29 U.S.C. §203(d).

44.

From on or about August 2011 until August 2012, Barksdale was "engaged in commerce" as an employee of Assured as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

45.

At all times material hereto, Barksdale was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

46.

At all times material hereto, Assured did not employ Barksdale in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

47.

At all times material hereto, Assured did not employ Barksdale in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

48.

At all times material hereto, Assured did not employ Barksdale in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

49.

At all times material hereto, Assured  did not employ Barksdale in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

50.

Assured is a corporation organized under the laws of the State of Georgia.

51.

Assured may be served with process through its registered agent Ruby C. Brown at 8336 Office Park Drive, Suite F, Douglasville, Georgia 30134.

52.

At all times material hereto, Assured was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

53.

During 2011, Assured had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

54.

During 2012, Assured had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

55.

During 2011, Assured had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

56.

During 2012, Assured had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

57.

During 2011, Assured   had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

58.

During 2012, Assured had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

59.

At all times material hereto, Assured has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

60.

Assured is subject to the personal jurisdiction of this Court.

61.

Brown resides within Douglas County, Georgia.

62.

At all times material hereto, Brown exercised operational control over the work activities of Plaintiffs.

63.

At all times material hereto, Brown was involved in the day to day operation of the Assured in which Plaintiffs worked.

64.

At all times material hereto, Assured vested Brown with supervisory authority over Plaintiffs.

65.

At all times material hereto, Brown exercised supervisory authority over Plaintiffs.

66.

At all times material hereto, Brown scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

67.

At all times material hereto, Brown exercised authority and supervision over Plaintiffs' compensation.

68.

At all times material hereto, Brown has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

69.

Brown is subject to the personal jurisdiction of this Court.

70.

Brown may be served with process at her principal place of business located at 8687 Hospital Drive, Douglasville, Georgia 30134.

**COUNT I - FAILURE TO PAY OVERTIME AS TO OBERTEIN**

71.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

72.

At all times material hereto, Obertein was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

73.

During her employment with Defendants, Obertein regularly worked in excess of forty (40) hours each week.

74.

Defendants failed to pay Obertein at one and one half times her regular rate for work in excess of forty (40) hours in any week from February 25, 2011 until March 12, 2012.

75.

Defendants willfully failed to pay Obertein at one and one half times her regular rate for work in excess of forty (40) hours in any week from February 25, 2011 until March 12, 2012.

76.

Obertein is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of overtime compensation as alleged above, Obertein is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of overtime compensation as alleged above, Obertein is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – STATE TORT CLAIMS FOR ASSAULT AND BATTERY AS TO OBERTEIN

### 79.

During her employment with Defendants, Obertein was subjected to physical assault and battery inflicted upon her by Defendant Brown.

### 80.

Obertein repeatedly requested that Defendant Brown cease touching, hitting, or otherwise physically assaulting her and other employees of Assured.

### 81.

Notwithstanding the aforementioned requests, Defendant Brown continued to intentionally touch, hit, or otherwise physically assault Obertein and other employees of Assured in violation of O.C.G.A. §16-5-20 and O.C.G.A. §16-5-23.1.

### 82.

Brown's actions were maliciously and intentionally done to cause Obertein harm and inflict emotional distress on her.

83.

As a result Defendant Brown's intentional physical assault and battery upon Obertein, Obertein suffered physical and emotional harm as a direct and proximate result of Defendant Brown's willful actions.

## COUNT III - FAILURE TO PAY OVERTIME AS TO SHERIDAN

84.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

85.

At all times material hereto, Sheridan was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

86.

During her employment with Defendants, Sheridan regularly worked in excess of forty (40) hours each week.

87.

Defendants failed to pay Sheridan at one and one half times her regular rate for work in excess of forty (40) hours in any week from September 14, 2011 until April 20, 2012.

88.

Defendants willfully failed to pay Sheridan at one and one half times her regular rate for work in excess of forty (40) hours in any week from September 14, 2011 until April 20, 2012.

89.

Sheridan is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

90.

As a result of the underpayment of overtime compensation as alleged above, Sheridan is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

91.

As a result of the underpayment of overtime compensation as alleged above, Sheridan  is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT IV – STATE TORT CLAIMS FOR ASSAULT AND BATTERY AS TO SHERIDAN

92.

During her employment with Defendants, Sheridan was subjected to physical assault and battery inflicted upon her by Defendant Brown.

93.

Sheridan repeatedly requested that Defendant Brown cease touching, hitting, or otherwise physically assaulting her and other employees of Assured.

94.

Notwithstanding the aforementioned requests, Defendant Brown continued to intentionally touch, hit, or otherwise physically assault Sheridan and other employees of Assured in violation of O.C.G.A. §16-5-20 and O.C.G.A. §16-5-23.1.

95.

Brown's actions were maliciously and intentionally done to cause Sheridan harm and inflict severe emotional distress on her.

96.

As a result Defendant Brown's intentional physical assault and battery upon Sheridan, Sheridan suffered physical and emotional harm as a direct and proximate result of Defendant Brown's willful actions.

**COUNT V - FAILURE TO PAY OVERTIME AS TO ANDERSON**

97.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

98.

At all times material hereto, Anderson was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

99.

During her employment with Defendants, Anderson regularly worked in excess of forty (40) hours each week.

100.

Defendants failed to pay Anderson at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 27, 2012 until April 23, 2012.

101.

Defendants willfully failed to pay Anderson at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 27, 2012 until April 23, 2012.

102.

Anderson is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

103.

As a result of the underpayment of overtime compensation as alleged above, Anderson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

104.

As a result of the underpayment of overtime compensation as alleged above, Anderson is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT VI – STATE TORT CLAIMS FOR ASSAULT AND BATTERY AS TO ANDERSON

105.

During her employment with Defendants, Anderson was subjected to physical assault and battery inflicted upon her by Defendant Brown.

106.

Anderson repeatedly requested that Defendant Brown cease touching, hitting, or otherwise physically assaulting her and other employees of Assured.

107.

Notwithstanding the aforementioned requests, Defendant Brown continued to intentionally touch, hit, or otherwise physically assault Anderson and other employees of Assured in violation of O.C.G.A. §16-5-20 and O.C.G.A. §16-5-23.1.

108.

Brown's actions were maliciously and intentionally done to cause Anderson harm and inflict severe emotional distress on her.

109.

As a result Defendant Brown's intentional physical assault and battery upon Anderson, Anderson suffered physical and emotional harm as a direct and proximate result of Defendant Brown's willful actions.

**COUNT VII - FAILURE TO PAY OVERTIME AS TO BARKSDALE**

110.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

111.

At all times material hereto, Barksdale was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

112.

During his employment with Defendants, Barksdale regularly worked in excess of forty (40) hours each week.

113.

Defendants failed to pay Barksdale at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 2011 until August 2012.

114.

Defendants willfully failed to pay Barksdale at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 2011 until August 2012.

115.

Barksdale is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

116.

As a result of the underpayment of overtime compensation as alleged above, Barksdale is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

117.

As a result of the underpayment of overtime compensation as alleged above, Barksdale is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT VIII – STATE TORT CLAIMS FOR ASSAULT AND BATTERY AS TO BARKSDALE

118.

During his employment with Defendants, Barksdale was subjected to physical assault and battery inflicted upon him by Defendant Brown.

119.

Barksdale repeatedly requested that Defendant Brown cease touching, hitting, or otherwise physically assaulting him and other employees of Assured.

120.

Notwithstanding the aforementioned requests, Defendant Brown continued to intentionally touch, hit, or otherwise physically assault Barksdale and other employees of Assured in violation of O.C.G.A. §16-5-20 and O.C.G.A. §16-5-23.1.

121.

Brown's actions were maliciously and intentionally done to cause Barksdale harm and inflict severe emotional distress on him.

122.

As a result Defendant Brown's intentional physical assault and battery upon Barksdale, Barksdale suffered physical and emotional harm as a direct and proximate result of Defendant Brown's willful actions.

WHEREFORE, Plaintiffs respectfully pray:

1.    That Plaintiffs' claims be tried before a jury;

2.    That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

3.    That Plaintiffs be awarded general, compensatory, and punitive damages against Defendant Brown for her intentional violations of Georgia tort law;

4.    That Plaintiffs be awarded pre-judgment and post-judgment interest, as provided by law;

5.      That Plaintiffs be awarded their costs of litigation, including their
reasonable attorneys' fees from Defendants; and

6.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/ CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com
ednovotny@dcbflegal.com

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

/s/ EDMUND J. NOVOTNY
EDMUND J. NOVOTNY
GA. BAR NO. 547338

COUNSEL FOR PLAINTIFFS