IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIE OBERTEIN, LYNNE SHERIDAN, DEBORAH M. ANDERSON, and JOHNATHAN BARKSDALE, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| ASSURED & ASSOCIATES PERSONAL CARE OF GEORGIA, INC., and RUBY C. BROWN, | : : : : | CIVIL ACTION NO. 1:14-cv-0490-AT |
| Defendants. | : | |

## **ORDER**

This case, which asserts claims under the Fair Labor Standards Act ("FLSA") for unpaid overtime along with state law claims for assault and battery, is before the Court on Defendants' Motion to Dismiss [Doc. 7]. Defendants seek dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, asserting that Plaintiffs' allegations are wholly conclusory and fail to set forth sufficient factual detail.

## I.   **Background**

Plaintiffs Jamie Obertein, Lynne Sheridan, Deborah Anderson, and Johnathan Barksdale, all former employees of Assured & Associates Personal Care of Georgia ("Assured"), filed this suit under the FLSA for Defendants'

alleged failure to pay them overtime and for assault and battery as to Defendant Ruby Brown.  Plaintiff Obertein alleges she was employed as a Registered Nurse by Defendant Assured from February 25, 2011 to March 12, 2012.  (Compl. ¶ 7.) Plaintiff Sheridan alleges she was employed as a Registered Nurse by Defendant Assured from September 14, 2011 to April 20, 2012.  (Compl. ¶ 18.) Plaintiff Anderson alleges she was employed as a Registered Nurse by Defendant Assured from January 27, 2012 to April 23, 2012.  (Compl. ¶ 29.) Plaintiff Barksdale alleges he was as the personal assistant to Defendant Brown in August 2011 and later as a General Manager for Assured.  (Compl. ¶¶ 40-41.)  Plaintiffs each allege they "regularly worked in excess of forty (40) hours each week" and that "Defendants failed to pay [them] at one and one half [their] regular rate for work in excess of forty (40) hours in any week" during the entire course of their respective employments.  (Compl. ¶¶ 73-74, 86-87, 99-100, 112-113.)  Plaintiffs seek damages under the FLSA in the form of unpaid overtime compensation, liquidated damages, and litigation expenses and attorney's fees.

Plaintiffs each further allege a tort claim under state law against Defendant Brown for assault and battery alleging that Defendant Brown "intentionally touch[ed], hit, or otherwise physically assaulted them" despite their "repeated request[s] that Defendant Brown cease touching, hitting or otherwise physically assaulting" them in violation of O.C.G.A. §§ 16-5-20 and 16-5-23.1.  (Compl. ¶¶ 80-81, 93-94, 106-107, 119-120.)  Plaintiffs further allege that Defendant Brown maliciously and intentionally engaged in these acts to cause Plaintiffs harm and

inflict emotional distress.  (Compl. ¶¶ 82, 95, 108, 121.)  Plaintiffs seek "general, compensatory, and punitive damages against Defendant Brown for her intentional violations of tort law."  (Compl. ¶ 122.)

## II.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true; however, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, at 679.  Although the plaintiff is not required to provide "detailed factual allegations" to survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556 U.S. at 678.

## III.  Discussion

### A.   Plaintiffs' Claims Under the FLSA

According to Defendants' motion, Plaintiffs' Complaint fails to allege with any specificity "*how*" Defendants allegedly violated the FLSA, and instead simply makes conclusory allegations that Plaintiffs "regularly worked in excess of forty (40) hours each week" and that "Defendants failed to pay [them] at one and one

3

half [their] regular rate for work in excess of forty (40) hours in any week," without any supporting factual detail for these general allegations. (Compl. ¶¶ 73-74, 86-87, 99-100, 113-14.) In addition, because Plaintiffs held positions (registered nurses, administrative assistant, and general manager) which are generally recognized as exempt from the overtime provisions of the FLSA, the conclusory allegations that Plaintiffs were "not employed in a bona fide [administrative, executive, or professional] capacity," and were "not exempt from the maximum hour requirements of the FLSA by reason of any exemption" are insufficient as matter of law to demonstrate "*why*" the exemptions do not apply to them. (Compl., ¶¶ 11-16, 22-26, 33-37, 45-49.) Defendants assert that without any description whatsoever of Plaintiffs' job duties or responsibilities, Plaintiffs' Complaint fails to set forth sufficient factual detail to state a claim upon which relief can be granted under the FLSA's overtime provisions.

The Court recognizes that extensive, detailed pleading is not the norm in the context of an FLSA claim. Allegations of an employer's failure to pay overtime wages presents relatively clean legal and factual issues known to the Defendant employer. Here, the Plaintiffs' allegations satisfy the bare minimum required for making out a prima facie case under the FLSA. The Court declines to find that Plaintiffs are required to plead with precision and specificity all the dates and hours worked in their Complaint, in light of the fact that it is the Defendants' burden to accurately report, record and/or preserve records of hours worked by their employees sufficient to determine their wages, hours and other

conditions and practice of employment. *See, e.g., Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) (holding that where an employer fails to retain and submit accurate time records, an employee "need only show he has in fact performed work for which he was improperly compensated and ... produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference"). Nor will the Court require a plaintiff to anticipate the defendant's assertion of an affirmative defense in order to state a plausible claim for relief.

Nonetheless, the Court agrees that the Plaintiffs' Complaint is fairly bare-boned and lacks detail necessary to describe the nature of their job duties and the nature of the Defendants' overtime violations and is therefore subject to dismissal. (*See* Defs.' Reply at p. 10 (comparing specific factual allegations from cases cited by Plaintiffs in opposing dismissal). The Court will therefore require Plaintiffs to provide some description of their primary job duties and a general basis for the alleged overtime violations, i.e. whether Defendants misclassified Plaintiffs as exempt, or whether Plaintiffs were required to work off the clock, on weekends, or through meal breaks. Accordingly, the Court **GRANTS** Plaintiffs **LEAVE TO FILE AN AMENDED COMPLAINT** within ten (10) days to cure the deficiencies noted herein. The Clerk is **DIRECTED** to resubmit this matter to the Court following the expiration of this ten day period. If no amended complaint is filed within the time limits set by the Court, the Court will **DISMISS** Plaintiffs' claims for overtime in Counts I, III, V, and VI.

## B.     Plaintiffs' State Law Assault and Battery Claims

As an initial matter, the Court notes that the statutes on which Plaintiffs rely in support of their assault and battery claims — O.C.G.A. §§ 16-5-20 and 16-5-23.1 — are penal in nature and do not provide a basis for civil action on the part of one who claims to have been a victim of such an injury. *Smith v. Chemtura Corp.*, 676 S.E.2d 756, 763-64 (Ga. Ct. App. 2009) (citing cases and affirming summary judgment in favor of defendant where plaintiffs failed to demonstrate on appeal where in the complaint they alleged the specific elements for a civil claim for battery).[1]  Instead, the civil liability of Defendant Brown "must be determined under the applicable provisions of the tort laws of [Georgia], not the inapplicable criminal provisions...." *Id.*

Defendants seek to dismiss Plaintiffs' assault and battery claims because "Plaintiffs do not allege that Ms. Brown's supposed 'touching' was violent or offensive, nor do they allege that it 'proceeded from anger, rudeness or lust." (Mot. at 14 (citing *Ellison v. Burger King Corp.*, 670 S.E.2d 469 (Ga. Ct. App. 2008) (restating that "[g]enerally speaking, an 'unlawful' touching is one which is 'offensive,' and an 'offensive' touching is one which proceeds from anger, rudeness, or lust")).  Defendants further contend that Plaintiffs' Complaint does not contain direct or inferential allegations respecting all the material elements of the claim where it does not allege "any facts regarding how, when, where, or why the tort allegedly occurred." (Mot. at 14.)  Georgia courts have repeatedly held,

---

[1] Plaintiffs should therefore remove all references to these criminal statutes in any amended complaint filed pursuant to the Court's directives in section A supra.

6

however, that a cause of action for civil battery "can be supported by even minimal touching," and that "the unwanted touching itself constitutes the injury to the plaintiff." *Ellison*, 670 S.E.2d at 472 (quoting *Darnell v. Houston County Bd. of Ed.,* 506 S.E.2d 385 (Ga. Ct. App. 1998) and *Vasquez v. Smith*, 576 S.E.2d 59 (Ga. Ct. App. 2003)). Accordingly, the Court finds that Plaintiffs' allegations that their employer continually hit and touched them for malicious purposes despite their repeated protests states a sufficient claim for relief for civil assault and battery. Plaintiffs are not required to plead such a claim with the particularity required for a fraud claim as implied in Defendants' Motion. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss Counts II, IV, VI, and VIII of Plaintiffs' Complaint.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss [Doc. 7] and **GRANTS** Plaintiffs **LEAVE TO FILE AN AMENDED COMPLAINT** within ten (10) to assert the necessary factual allegations as noted herein with respect to their overtime claims under the FLSA.

**SO ORDERED**, this 23rd day of February, 2015.

_____
**Amy Totenberg**
**United States District Judge**

7